STATE, ANDREW H. GREEN ET AL., PROSECUTORS, v. CHARLES A. HOTALING ET AL., COMMISSIONERS.

1. Under the fifth section of the act of 1875, p. 624, the justice of the Supreme Court to whom the freeholders made their report, had power to refer the matter back to them, that they might certify as to the basis upon which they had made their assessment.
2. The sewer, as originally constructed, deposited the flowage where it was a nuisance, which rendered it necessary to continue it to the Hudson river. Lands which had been assessed for the construction of the original sewer were, therefore, subject to further assessment for the benefit conferred by the continuation, which made the original sewer available.
3. The assessment was made in due form, the freeholders certifying that the lands so assessed were benefited to the extent of the burden laid by them, over and above the amount of the prior assessment.
4. The assessment is authorized by an act passed in 1878, p. 344, which is a general law.
5. Property owned by a municipal corporation and used for public purposes, is not subject to assessment for benefits for such improvements, in the absence of language in the statute indicating an intention to tax it. In this case there is an absence of such language.

On *certiorari*. In matter of assessment.

Argued at February Term, 1882, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiffs, *Spencer Weart* and *James B. Vredenburgh*.

For the defendants, *M. W. Niven* and *Leon Abbett*.

The opinion of the court was delivered by

VAN SYCKEL, J. The subject for review in this case is the assessment for the continuation of Ravine road sewer in Jersey City.

The question as to the appointment of commissioners and their qualification, will not be considered, the prosecutors having

the benefit of the work, and the defendants having expended large sums of money in completing the improvement without any interposition by the prosecutors to arrest it.

Nor is it necessary to determine whether the act of 1878, p. 563, is constitutional. The assessment is authorized by an act passed in the same year, p. 344, which is a general law, applicable to all adjoining cities, and to all assessments for the construction or continuation of sewers which have been or may hereafter be built. The act provides that the excess of costs of the work over and above the benefits assessed, shall be paid equally by the two cities. The classification is a proper one for the purpose which this legislation has in view. The law applies to the entire class, and could not be made more general in its operation.

The fifth section of the act of 1875, p. 624, provides that on completion of the assessment for benefits, the freeholders appointed to make the assessment shall file a copy of the same and all necessary documents, with a justice of the Supreme Court, who shall hear and determine all objections to the confirmation of the assessment, confirm said assessment and order the collection of the same.

The report of the freeholders did not show whether, in making their assessment, they had considered the amount assessed against the prosecutors for the original Ravine road sewer. Mr. Justice Knapp referred their report back to them, that they might certify in regard to this matter. It is assigned as a reason for reversal that such reference was without authority of law. It was the duty of the freeholders to report the basis upon which they had made their assessment. All their proceedings were to be submitted, that objections might be heard to the mode in which they had made their assessment. A new assessment was not ordered; the reference was simply for the purpose of showing what had actually been done. The object of a reference to a justice of the Supreme Court was to prevent mistakes of form, and the power conferred is ample for that purpose. *State, Ropes, pros.,* v. *Essex Road Board,* 8 *Vroom* 335.

A further reason assigned for reversal is, that the lands of the prosecutors had been assessed for the original sewer, which drained their lands, and therefore could not be burdened with any part of the cost of the continuation, which commenced at a point and on a grade far below them.

The sewer, as originally constructed, deposited the flowage where it was a nuisance to the city, and the continuation of it to the Hudson river was, consequently, a necessity. The lands assessed for the construction of the original sewer were, therefore, subject to further assessment for the benefit conferred by the continuation which made the original sewer available.

The assessment was made with due regard to the original assessment. The commissioners certify that the lands assessed are benefited to the extent of the burden laid by them, over and above the amount of the former assessment.

It does not appear that any erroneous principle in making the assessment against the prosecutors was adopted by the commissioners, and the assessment appears to be reasonable to each lot. The commissioners certify that they considered each lot and the special benefit accruing to it. The court cannot say that they erred in judgment.

It appears by the case that property owned by Jersey City and used for public purposes of the corporation, was assessed for the improvement.

Public property of this character is exempt in the absence of language in the statute indicating an intention to tax it. *Trustees, &c.*, v. *City of Trenton*, 3 *Stew.* 667.

The inference to be drawn from sections 7 and 8 of the act of 1875, p. 625, is against the right to assess the municipal property. Section 7 provides that in case the cost of the work exceeds the amount assessed upon the real estate specially benefited thereby, then such excess shall be equitably divided and charged to the cities of Jersey City and Hoboken, to be paid out of the contingent fund of said cities.

Section 8 provides that said assessments shall be a lien upon all the real estate assessed, and that all assessments re-

maining unpaid for three months after confirmation, shall bear eight per cent interest. The fact that a lien is given to the city upon lands to be assessed for the work, impliedly excludes from the assessment lands owned by the city.

The assessment upon the public property was erroneous. The error will not be corrected by simply setting aside the assessment as to such property, for the same burden will continue to rest upon the city. It will be necessary to set aside the whole assessment, and refer the matter to a proper commission to ascertain whether there is property within the area of the assessment which ought to bear the entire burden of the cost of the work, and to make a new assessment accordingly, unless the city elects to let the assessment stand.